**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------

**UNITED STATES OF AMERICA,**

       - against -                    **19-cr-283 (JGK)**

**GREGORY KONNY,**                        **MEMORANDUM OPINION AND ORDER**

           **Defendant.**
---------------------------------

**JOHN G. KOELTL, District Judge:**

    On October 4, 2019, the defendant pleaded guilty to two counts of an information. Count One of the information charged the defendant with a conspiracy in violation of 21 U.S.C. § 846 to distribute narcotics, namely oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Count Two of the information charged the defendant with a conspiracy in violation of 18 U.S.C. § 1349 to commit health care fraud in violation of 18 U.S.C. § 1347. On January 31, 2020, the Court sentenced the defendant principally to a term of imprisonment of 46 months to run concurrently on both counts. The defendant is currently scheduled to surrender voluntarily to the custody of the Bureau of Prisons ("BOP") at FCI Fort Dix, New Jersey, on June 26, 2020. The defendant now moves to convert his sentence into a sentence of 46 months' home confinement in light of the COVID-19 pandemic and his own health condition. For the reasons explained below, the motion is **denied**.

1

In his initial application, the defendant moved to convert his term of imprisonment into a term home confinement under Federal Rule of Civil Procedure 60. However, Federal Rule of Civil Procedure 60 is an improper mechanism for the defendant to seek relief from a criminal judgment by converting his term of imprisonment into a term of home confinement. See United States v. Bastien, Nos. 09-cr-205 & 09-cr-757, 2013 WL 1701601, at *6 (E.D.N.Y. Apr. 19, 2013) ("Rule 60 of the Federal Rules of Civil Procedure applies only to civil cases; the rule provides a mechanism for relief from civil judgments, exclusively.") (emphasis in original) (collecting cases).

In its response to the defendant's application, the Government addressed not only the defendant's stated legal basis for his application, namely Federal Rule of Civil Procedure 60, but also addressed other possible bases for the defendant's application, 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 35(a). As the Government correctly noted, 18 U.S.C. § 3582(c)(2) does not provide a basis for relief for the defendant because the defendant was not sentenced based on a "sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," and Federal Rule of Criminal Procedure 35(a) does not provide a basis for relief because the defendant's application was not made "within 14 days after sentencing" and the sentence in this

case did not result from "arithmetical, technical, or other clear error."

In his reply, the defendant, for the first time, cited 18 U.S.C. § 3582(c)(1)(A) as the basis for his request to convert his term of imprisonment into a term of home confinement in light of the COVID-19 pandemic and the defendant's health conditions. As amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), 18 U.S.C. § 3582 provides that

> The court may not modify a term of imprisonment once it has been imposed except that
>
> (1) in any case-
>
> (A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

That section does not provide a basis for the Court to convert the defendant's term of imprisonment into a term of home confinement before he has self-surrendered to the BOP for several reasons.

First, by its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment at a BOP facility. See United States v. Spruill, No. 3:18-cr-0022-10, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (finding a motion for compassionate release premature where the motion was made before the defendant began his custodial sentence). Because the defendant is not currently in the custody of the BOP, his application is premature.

Second, the defendant's request to convert his term of imprisonment into a term of home confinement is not a proper request under the section. Under the section, courts, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A). But the authority to place a prisoner in home confinement rests with the BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order "lies solely with the Attorney General." United States v. Logan, No. 15-cr-27, 2020 WL 2559955, at *2 (W.D.N.C. May 20, 2020) (collecting cases).

Finally, the defendant has not made the necessary showing that "extraordinary and compelling reasons" warrant compassionate release. The defendant's application is primarily based on speculation about the kinds of conditions he might encounter at FCI Fort Dix and speculation that medical treatment at FCI Fort Dix would be insufficient were the defendant to contract the COVID-19 virus. Speculation of this kind, both as to the defendant's likelihood of contracting COVID-19 and as to the ability of the defendant's BOP facility to treat the defendant were he to contract COVID-19, is not a basis for compassionate release. See United States v. Hidalgo, -- F. Supp. 3d --, 2020 WL 2642133, at *4 (S.D.N.Y. May 26, 2020) (finding speculation about potential future conditions at a BOP facility insufficient to amount to an extraordinary and compelling reason for release); United States v. Lap Seng, No. 15-cr-706, 2020 WL 2301202, at *9 (S.D.N.Y. May 8, 2020) (same). There are therefore no "extraordinary and compelling reasons" that warrant a reduction of the defendant's sentence.[1]

Therefore, the defendant's request for the Court to convert his sentence into a sentence of home confinement is **denied**.

---

[1] Because this application is not properly before the Court at this time, and because there are no "extraordinary and compelling reasons" warranting release, it is unnecessary for the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) or the defendant's potential dangerousness. See United States v. Skelos, No. 15-cr-317, 2020 WL 2508739, at *3 (S.D.N.Y. May 15, 2020).

However, it is self-evident that a delay in the defendant's surrender date will allow the Bureau of Prisons to ameliorate any potentially dangerous conditions at the place of confinement for the defendant and will better protect the defendant's health. The defendant is not a risk of flight or a danger to the community by remaining in the community until he begins his sentence. The sentence will be just as effective and just as capable of accomplishing the purposes of sentencing if it is delayed for a brief period of time. Therefore, the Court will adjourn the defendant's voluntary surrender date to September 11, 2020.

## CONCLUSION

For the reasons explained above, the defendant's application to transform his sentence of 46 months' imprisonment into a sentence of 46 months' home confinement is **denied**. The defendant's voluntary surrender date at FCI Fort Dix is adjourned to 2:00 P.M. on September 11, 2020.

**SO ORDERED.**

**Dated:** New York, New York
May 30, 2020                                  ___/s/ John G. Koeltl_____
                                                      John G. Koeltl
                                              **United States District Judge**