**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       - against -

**GREGORY KONNY,**

            **Defendant.**

---

**19-cr-283 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The defendant, Gregory Konny, has moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his serious medical condition is an extraordinary and compelling reason for his release. The defendant previously pleaded guilty to two counts of an information. Count One charged the defendant with a conspiracy to distribute a substantial amount of oxycodone, and Count Two charged the defendant with a conspiracy to commit health care fraud. See United States v. Konny, 463 Fed. Supp. 3d 402, 403 (S.D.N.Y 2020). The Court previously denied an application for compassionate release by the defendant because the defendant had not surrendered to a Bureau of Prisons institution and had not exhausted his administrative remedies. See id. at 404-05. At that time, the Court also noted that the defendant had failed to make a showing of "extraordinary and compelling reasons" for compassionate release based on his speculation about the conditions and possible medical treatment at FCI Fort Dix. Id. at 405. The Court extended the date for the

1

defendant's voluntary surrender to allow the Bureau of Prisons to ameliorate any potentially dangerous conditions. The defendant has now moved for compassionate release because of his medical conditions and the increased number of COVID-19 cases at FCI Fort Dix.

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment, after considering the factors set forth in section 3553(a), to the extent that they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute also requires that the defendant exhaust his administrative remedies by at least making a request to the Bureau of Prisons for compassionate release and allowing for the lapse of 30 days following the request. While the statute had also required that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission failed to adopt such statements and the Court of Appeals for Second Circuit has held that the previous policy statements applied to requests by the Bureau of Prisons, but not to requests by defendants made directly to the court. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The defendant has exhausted his administrative remedies by filing a request with the FCI Fort Dix Warden for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his

medical conditions. ECF No. 50, Ex. E. The government does not dispute that the defendant has shown an extraordinary and compelling reason supporting release. See ECF. Nos. 52, 56. The defendant suffers from a serious medical condition that requires constant treatment and makes him vulnerable to severe consequences of COVID-19. ECF No. 50. Moreover, FCI Fort Dix has recently encountered an uptick in COVID-19 cases. Id.; ECF No. 50, Ex. B; ECF No. 52 Ex. C.

However, the defendant has failed to show that the section 3553(a) factors warrant his immediate release. The defendant pleaded guilty to two serious crimes – the unlawful distribution of a large amount of oxycodone, despite his professional responsibilities as a pharmacist, and participation in a Medicaid fraud to obtain more than $ 2.2 million in illegal reimbursements. The Court carefully considered the defendant's health at the time of sentencing, and downwardly varied from a Guideline Sentencing Range of 87 to 108 months to a sentence of 46 months which was the sentence that was sufficient but no greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). The defendant points out that he has already served 11 percent of his prison term, but the Court carefully considered the minimum sentence necessary to accomplish the relevant purposes of sentencing, and the

defendant has served considerably less than the minimum justified, taking all of the relevant factors into account.

However, the Bureau of Prisons is in an opportune position to determine whether the conditions of a prison and the defendant's condition are such that the defendant should be released.  Hence, there is the requirement of administrative exhaustion and the ability of the Bureau of Prisons to place a prisoner in home confinement.  See 18 U.S.C. § 3624(c). In its January 29, 2021 letter, the government advises that the Bureau of Prisons has decided to release the defendant to home confinement pursuant § 3624(c). See ECF. No. 56. The projected release date is March 3, 2021, and the defendant will be required to quarantine for 21 days before release.  The government's decision to allow the defendant to serve his sentence in home confinement resolves the current application. Based on the government's representation, and for the reasons explained above, the application for compassionate release is denied.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the reasons explained above, the defendant's motion for

4

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied, without prejudice to renewal.

**SO ORDERED.**

**Dated:**     **New York, New York**
            **February 8, 2021**          _____/s/ John G. Koeltl_____
                                              John G. Koeltl
                                         **United States District Judge**